Mr. Allan E. Keen Chairman Orlando-Orange County Expressway Authority 525 South Magnolia Avenue Orlando, Florida 32801-4414
Dear Mr. Keen:
You ask the following question:
Are audio tape recordings of staff meetings made by a secretary for use in preparing minutes of the meeting public records subject to Florida's Public Records Law, Chapter 119, Florida Statutes, when the meetings are not subject to the Government in the Sunshine Law and there is no legal requirement that minutes be kept?
The Orlando-Orange County Expressway Authority (authority) is an agency of the state[1] with the authority to acquire, hold, construct, improve, maintain, operate, own and lease the expressway system described in Part V, Chapter 348, Florida Statutes.[2] You indicate that as part of its normal business operations, the authority convenes weekly staff meetings, typically conducted by the executive director or his deputy and attended by senior staff composed of the following: deputy executive director; chief financial officer; director of construction and maintenance; director of operations, communications and marketing; director of business development and human resources; and director of information technology. Usually, the authority's general counsel or his deputy and a senior representative of the authority's outside engineering consultant are in attendance.
You state that these meetings fall outside the Government in the Sunshine Law, section 286.011, Florida Statutes, since they are attended only by staff and paid consultants and no official action is taken. While there is no statutory requirement that minutes be kept of such meetings, the executive director has his secretary attend the meetings and prepare minutes to be distributed to those in attendance and to the authority's board members. Historically, the executive director has audio taped the meetings in an effort to assist the secretary to accurately prepare the minutes. The secretary historically records most, but not all, of a meeting, then listens to the tape to ensure accuracy of the minutes before erasing the tape. Recently, the secretary has ceased taping the staff meetings, but the authority is considering reestablishing the practice.
Florida's Public Records Law requires that all records made or received in connection with the transaction of official business by any public body, officer, or employee of such, be open for public inspection and copying, unless there is a statutorily created exemption making such records confidential or exempt from disclosure.[3]
Section 119.011(1), Florida Statutes, defines "[p]ublic records" as:
"all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings, data processing software, or other material, regardless of the physical form, characteristics, or means of transmission, made or received pursuant to law or ordinance or in connection with the transaction of officialbusiness by any agency." (e.s.)
The staff meetings you have described are part of the day-to-day official business of the authority and any public record made or received in connection with such meetings would be subject to inspection and copying. Clearly, section 119.011(1), Florida Statutes, includes audio tape recordings that are made in connection with the transaction of official business by the authority.
In Attorney General Opinion 86-93, this office was asked to address a similar situation involving sound tape recordings of a school board meeting when a written version of the proceedings was made available to the public. In that case, the secretary for the school board used a tape recorder to assist in the production of typed minutes of the board's meetings. The opinion recognized a statutory requirement that minutes of the meeting of a board or commission subject to section 286.011, Florida Statutes, be promptly recorded and available for public inspection. While there is no statutory requirement that sound recordings be made of the meeting, it was concluded that once made, such recordings are subject to the requirements of Chapter 119, Florida Statutes.[4]
The Supreme Court of Florida in Shevin v. Byron, Harless,Schaffer, Reid Associates, Inc.,[5] contrasted public records with materials prepared as drafts or notes, which it characterized as "precursors" of governmental records not intended to be final evidence of the knowledge recorded. The Court found that items that would not be considered public records are "rough drafts, notes to be used in preparing some other documentary material, and tapes or notes taken by a secretary as dictation."[6]
The audio tape recordings considered here, however, are made at the request of the executive director as an independent record of the proceedings and, unlike tapes or notes taken by a secretary as dictation, are intended to perpetuate the discussion at a staff meeting. Moreover, this office's position in Attorney General Opinion 86-93 has not changed, nor has it been addressed or altered either judicially or legislatively.
Accordingly, it is my opinion that audio tape recordings of staff meetings made at the request of the executive director by a secretary for use in preparing minutes of the meeting are public records subject to Florida's Public Records Law, Chapter 119, Florida Statutes.
Sincerely,
Charlie Crist Attorney General
CC/tls
[1] Section 348.753(1), Fla. Stat.
[2] Section 348.754(1)(a), Fla. Stat.
[3] See s. 119.01, Fla. Stat., and Art. I, s. 24, State Const., establishing a right to inspect or copy any public records made or received in connection with the official business of any public body, officer, or employee of the state, or persons acting on their behalf, except records exempted pursuant to this section or specifically made confidential by the Constitution.
[4] See also Op. Att'y Gen. Fla. 75-50 (1975) (tape recording of city commission meeting is a public record). Cf., Inf. Op. to Ms. Suzanne M. McLean, December 31, 1998 (handwritten notes prepared by a council member regarding research on a matter under consideration by the council and used at workshop meeting as reference in discussing the member's position are public records); Inf. Op. to Mr. Richard B. Fulwider, June 14, 1993 (written notes taken by representative of fire control district during collective bargaining session are public records, but exempt from disclosure as documents were made in preparation for further bargaining sessions).
[5] 379 So.2d 633 (Fla. 1980).
[6] 379 So.2d at 640.